Filed 8/25/25  Fishback v. Campbell CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| BARTON WAYNE FISHBACK, | B339326 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22STCV31683) |
| v. | |
| DAVID CAMPBELL, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Holly J. Fujie, Judge.  Affirmed.

Law Office of Mainak D'Attaray and Mainak D'Attaray for Plaintiff and Appellant.

Behar | Gibbs | Savage | Paulson, William O. Woodland and Renee E. Jensen for Defendant and Respondent.

_____

Barton Wayne Fishback (Fishback) appeals from a judgment after the trial court sustained, without leave to amend, the demurrer of David Campbell (Campbell) to Fishback's operative third amended complaint (TAC). Fishback sued Campbell, a then deputy district attorney, for defamation based on an email sent by Campbell to another public employee in which Campbell stated that Fishback "entered a no contest (guilty) plea to charges" years earlier, when the particular misdemeanor action referenced was actually dismissed under Penal Code section 1385. Reviewing de novo, we conclude that Campbell is immune from liability based on the allegations in the TAC. We accordingly affirm the judgment.

## BACKGROUND

### Allegations

We draw the factual allegations from the operative TAC, as well as exhibits attached thereto and matters properly judicially noticed. (See *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [demurrer treated as admitting all properly pleaded material facts and judicially noticed matters]; *Foxen v. Carpenter* (2016) 6 Cal.App.5th 284, 288 [exhibits to pleading are properly considered].)

On April 22, 2014, Campbell, a deputy district attorney and code enforcement prosecutor in the Los Angeles County District Attorney's Office, replied to an email from David Pang, a code enforcement officer in the County of Los Angeles Department of Public Works who investigated illegal dumping. Campbell's email stated: "The criminal case number for Barton Wayne Fishback is 8GF00031. The Fishback case stemmed from a Board complaint received on 10-17-07 in which it was asserted (and later determined to be true) that Fishback was using his property as a commercial rock crushing operation and was performing surface mining at his property in Browns Canyon. [¶] Fishback was arraigned on 2/19/08 on misdemeanor charges of maintaining concrete crushing equipment. He entered a no contest

2

(guilty) plea to the charge on 5/20/09 after removing all equipment from his property."

The email concerned activities commenced by Fishback in 2007 at his 160-acre property in the northern part of Los Angeles County, in or near an area called Browns Canyon. Fishback claimed that he was attempting to "rehabilitate and improve" the property. In October 2007, a governmental conservancy organization made a complaint about Fishback's activities with the local county supervisor. Shortly after, law enforcement and code enforcement officers, along with district attorney investigators searched the property. Campbell was involved with the investigation of Fishback's conduct.

In January 2008, Fishback was served with a warrant for his arrest and a misdemeanor criminal complaint was filed against him, alleging three violations for unlawful use of land, a violation for unlawful grading, a violation of stop work order, and violation of oak tree permit, each pursuant to a section of the Los Angeles County Code.[1] Campbell was the prosecutor on the matter. A March 2008 letter written by Fishback's lawyer noted an agreement that criminal charges would be dismissed if Fishback brought his property into

---

[1] Fishback was facing similar legal problems in Ventura County at around the same time. As detailed in a nonpublished opinion by Division Six of this court, *Fishback v. County of Ventura* (Feb. 18, 2020, B292947) (nonpub. opn.), of which we take judicial notice (Cal. Rules of Court, rule 8.1115(b); *Pacific Gas & Electric Co. v. City and County of San Francisco* (2012) 206 Cal.App.4th 897, 907, fn. 10), beginning in around 2006, Fishback operated an unpermitted " 'solid waste facility' " on 120 acres of hillside land in Ventura County, bringing in over 100,000 cubic yards of " 'unpermitted fill' " with " 'a wide variety of solid waste.' " The operation "placed downstream property owners at a serious risk of injury or death." In 2015, judgment was entered against Fishback and his wife for a mandatory injunction requiring them to remove the waste, among other things, and for statutory damages in the amount of $21,710,000.

compliance.  Minutes for the criminal matter show that by February 2009, equipment had been removed from the property and Fishback's targeted work on the property had stopped, and in May 2009, each of the six counts was dismissed in furtherance of justice under Penal Code section 1385.

By the beginning of 2014, however, Fishback's activities on the property had recommenced.  Fishback sent emails to various governmental officials, including Pang and Campbell, complaining about surveillance of his property.  The TAC alleges:  "The County's response to Plaintiff's emails to . . . staff including Campbell was to double down and search for violations even when none existed, and make them up just like in 2007."  The TAC further claims that Los Angeles County officials were "making up fake violations."

In the midst of Fishback's renewed suspect activity and the attendant governmental attention to the property, Campbell sent the April 22, 2014 email to Pang, in response to an email sent by Pang.  In May 2014, a field deputy from the local supervisor's office sent an email to Campbell, Pang, and others stating that the situation on Fishback's property was "spinning out of control with more dump trucks showing up."  In June 2014, a stop work order was posted, but Fishback continued to allow dumping and bulldozing of debris.  Shortly thereafter, in July 2014, an email from the Office of the Los Angeles County Counsel noted that the district attorney was "considering bringing a code enforcement action," and requested that "all the departments involved assist the DA in putting the case(s) together." An email in response noted that Fishback had engaged in improper activities on multiple properties, and stated that "[h]is history is to continue work even though he doesn't have authorization to do so and he has brought in thousands of tons of material and could do more very quickly."  A follow-up email noted that Campbell was involved in discussions regarding Fishback's actions, and explained how Fishback had brought in thousands of tons of construction and demolition waste,

4

landfilled it, and covered it with natural soil from the surrounding native hills.

In September 2014, through a public records request, Fishback discovered the subject April 22, 2014 email from Campbell to Pang. Fishback notes that, after receiving the email, Pang forwarded it to his supervisor. The TAC alleges that Campbell's April 22, 2014 email "sparked a firestorm of aggressive and unlawful statutory, regulatory and local code enforcement to interfere with Fishback's use and enjoyment of his property."

In October 2015, the Los Angeles County District Attorney's Office filed another misdemeanor criminal complaint against Fishback. Five counts were alleged: two counts of unlawful dumping under Penal Code section 374.3, subdivision (a) and subdivision (b), both pleaded as infractions; misdemeanor trespassing (Pen. Code, § 602); misdemeanor public nuisance (Pen. Code, § 602); and misdemeanor dumping in violation of Public Resources Code section 33211.6, subdivision (a). On February 16, Fishback pleaded no contest to misdemeanor trespassing and was convicted of the offense, while the remaining counts were dismissed pursuant to Penal Code section 1385.

Judicially noticed documents submitted in connection with the demurrer showed that in October 2020, judgment in a civil action, filed in July 2015, was entered in favor of the People and the County of Los Angeles against Fishback and a corporation associated with him. The judgment concluded that Fishback operated an unpermitted dump on his property, and graded and altered the land in an unpermitted manner, including by erecting an unpermitted structure. Fishback imported massive amounts of soil, concrete, brick, demolition debris, and construction waste material to the property, charging $100 to $120 per truckload. The court found that Fishback created a public nuisance and a serious danger of hillside instability. A permanent injunction was entered prohibiting Fishback from, among other things, allowing medium-duty or larger trucks to enter the property, depositing or

allowing to be deposited any fill material, including construction material, and performing grading or excavation without proper permits.  Additionally, Fishback was assessed civil penalties in an amount greater than $5 million for creating a public nuisance and for violations of code.

**Procedural History**

After two prior demurrers were sustained with leave to amend, Fishback filed the TAC in August 2023 for defamation and libel per se against Campbell based on the April 22, 2014 email.  Campbell's demurrer to the TAC relied on several grounds, including that, as a government employee, he was immune from suit under Government Code sections 820.2, 822.2, and 821.6.

In October 2023, the trial court sustained the demurrer without leave to amend.  The trial court based its ruling on a finding that Campbell was immune from suit under Government Code sections 820.2 and 822.2.

Judgment was entered in April 2024.  Fishback filed a timely notice of appeal.

## DISCUSSION

We review an order sustaining a demurrer de novo.  (*Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1501.)  " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.' " (*Blank v. Kirwan, supra,* 39 Cal.3d 311, 318.)

The TAC alleges a single cause of action for defamation/libel per se.  Defamation is a reputational injury, occurring via libel or slander.  (Civ. Code, § 44.)  " 'Defamation requires the intentional publication of a false statement of fact that has a natural tendency to injure the plaintiff's reputation or that causes special damage.' " (*J-M Manufacturing Co., Inc. v. Phillips & Cohen LLP* (2016) 247 Cal.App.4th 87, 97.)  "The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and

6

(5) has a natural tendency to injure or causes special damage." (*Wong v. Jing* (2010) 189 Cal.App.4th 1354, 1369.)  Libel is publication of defamatory matter by written or printed words.  (Civ. Code, § 45.)  "[F]alse statements charging the commission of crime or tending directly to injure a plaintiff in respect to his or her profession by imputing dishonesty or questionable professional conduct are defamatory per se."  (*Burrill v. Nair* (2013) 217 Cal.App.4th 357, 383, disapproved on another ground by *Baral v. Schnitt* (2016) 1 Cal.5th 376, 396, fn. 11.)

Based on the allegations of the TAC, Fishback is correct that Campbell made a false and ostensibly defamatory statement in his April 22, 2014 email by writing that, in criminal case number 8GF00031, Fishback "entered a no contest (guilty) plea."  While Fishback was found to have committed a multitude of violations over the years relating to his brazen scheme of operating unlawful, environmentally destructive, and dangerous solid waste disposal sites, the particular prosecution referenced in Campbell's email did not result in a no contest plea or guilty verdict.  Nevertheless, we conclude that Campbell was immune from suit under Government Code sections 821.6 and 822.2.

## I.    Government Code section 821.6

Government Code section 821.6 provides:  "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."  The statute "applies to claims of injury arising from a public employee's initiation or prosecution of an official proceeding, whether the act was allegedly done with malice and without probable cause . . . or was allegedly tortious for other reasons."  (*Leon v. County of Riverside* (2023) 14 Cal.5th 910, 929 (*Leon*).)  "The immunity is narrow in the sense that it applies only if the conduct that allegedly caused the plaintiff's injuries was the institution or prosecution of an official

7

proceeding.  But this immunity is broad in the sense that it applies to every such tort claim, whether formally labeled as a claim for malicious prosecution or not.  And where it applies, it is absolute, meaning that 'the immunity is not conditioned on a showing that the defendant acted in a reasonable or procedurally proper manner, or any similar requirement.' "  (*Id.* at p. 922.)

The immunity conferred by Government Code section 821.6 is typically applied to "prosecuting attorneys and other similar individuals."  (*Kemmerer v. County of Fresno* (1988) 200 Cal.App.3d 1426, 1436, disapproved on another  ground in *Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal.5th 798, 815, fn. 8; see also *Miller v. Filter* (2007) 150 Cal.App.4th 652, 666 [the "immunity applies to a public prosecutor"].)  "The immunity is absolute, applying even if the prosecutor 'acts maliciously and without probable cause.' "  (*Miller, supra,* at p. 666.)  A governmental immunity defense may be raised on demurrer.  (See *Silva v. Langford* (2022) 79 Cal.App.5th 710, 723.)

Government Code section 821.6 does not protect acts that are "merely investigatory."  (*Leon, supra,* 14 Cal.5th at p. 926.)  Rather, to fall under Government Code section 821.6 immunity, the act must be connected to the prosecution of an official proceeding.  (*Leon,* at p. 926.)  As explained in *Leon*, if a plaintiff's claims concern alleged harms from the institution or prosecution of such proceedings, the defendant will be immune under Government Code section 821.6 regardless of how the plaintiff styles his cause of action.  (*Leon,* at p. 922.)

Based on the allegations of the TAC, the content of Campbell's April 22, 2014 email is inseparable from the prosecutions and other official proceedings concerning Fishback's wrongdoing, and Campbell's act of writing and sending the email is therefore protected by the absolute immunity afforded by section 821.6.

First, the email directly concerns the criminal case initiated and prosecuted by Campbell in 2008 and 2009, describing the context of the case and (incorrectly) the result.  Campbell's act of responding to

8

Pang's email regarding the case, and his act of prosecuting the case, fell squarely within his duties as a deputy district attorney, as shown by the deputy district attorney job description attached to the TAC. Campbell's email could not be construed as "merely investigatory." (See *Leon, supra,* 14 Cal.5th at p. 926.)  Rather, it was directly connected to his prosecution of Fishback, and therefore is protected by section 821.6.

Second, aside from the connection to the earlier prosecution, the TAC's allegations demonstrate that Campbell's email was directly related to legal proceedings—including the second criminal prosecution—initiated in connection with and shortly after the email was sent.  After Fishback's activities on the property resumed in early 2014, he sent emails to governmental officials, including Pang and Campbell, complaining about surveillance of his property, and claiming that officials were "making up fake violations."  In May 2014, shortly after Campbell's email was sent, a government employee noted that the situation on Fishback's property was "spinning out of control with more dump trucks showing up," and, in June 2014, a stop work order was posted, which Fishback ignored.  The Office of the Los Angeles County Counsel noted in July 2014 that the district attorney was "considering bringing a code enforcement action" and requested that "all the departments involved assist the DA in putting the case(s) together," and a responding email noted that Campbell was involved in these discussions.  In July 2015, the County of Los Angeles filed the civil action against Fishback for an injunction and civil penalties.  Then, in October 2015, the Los Angeles County District Attorney's Office filed the second referenced misdemeanor criminal action against Fishback.

Of particular note, Fishback specifically alleges that Campbell's email was instrumental to these continued enforcement actions and the criminal prosecution.  The TAC states that Campbell's April 22, 2014 email "sparked a firestorm of aggressive and unlawful statutory, regulatory and local code enforcement to interfere with Fishback's use

9

and enjoyment of his property," and the TAC seeks as damages the "enormous legal fees" Fishback "had to pay as a result of the defamatory statements."

Thus, treating the material facts as admitted, the TAC alleges that Campbell's email was not merely an isolated or investigatory act, but part of an ongoing course of prosecutorial conduct directly tied to official legal proceedings. The email was sent in Campbell's capacity as a deputy district attorney performing prosecutorial functions. Accordingly, because Campbell's email was directly connected to the prosecution of official proceedings, he is entitled to absolute immunity under Government Code section 821.6.

## II.    Government Code section 822.2

We further conclude that, based on the allegation of the TAC, Campbell is additionally protected by governmental immunity under Government Code section 822.2, which provides: "A public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption or actual malice." The exception to this immunity provision only applies if the public employee is "motivated by corruption or actual malice, i.e., a conscious intent to deceive, vex, annoy or harm the injured party." (*Schonfeld v. City of Vallejo* (1975) 50 Cal.App.3d 401, 410 [overruled on another ground in *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743]; see also *Curcini v. County of Alameda* (2008) 164 Cal.App.4th 629, 649 (*Curcini*).)

"Conclusory allegations" of corruption or malice are not "sufficient to bring a fraud action within the exception of Government Code section 822.2." (*Curcini, supra,* 164 Cal.App.4th at p. 649.) Rather, "the pleader also must allege *facts* showing" the exception to the immunity applies. (*Ibid.*)

As explained above, Campbell was acting in the scope of his employment when he sent the April 22, 2014 email stating that

10

Fishback "entered a no contest (guilty) plea in criminal case number 8GF00031." Government Code section 822.2 therefore presumptively applies, and to state a viable cause of action Fishback must sufficiently allege that Campbell acted with corruption or actual malice in writing and sending the email. (See *Curcini, supra,* 164 Cal.App.4th at p. 649.)

Fishback's attempts to plead actual malice, however, are no more than merely conclusory. The TAC's allegations regarding malice rely on circular reasoning or simply defining relevant terms. For example, the TAC states: "Campbell's emails prove by clear and convincing evidence that Campbell engaged in conduct with malice, oppression, and fraud. [¶] Malice means that Campbell acted with intent to cause injury or that Campbell's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of Plaintiff. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and deliberately fails to avoid those consequences."

Fishback argues that the fact that Campbell was the prosecutor in the 2008 criminal action must mean he acted with malice when he drafted and sent the email to Pang in 2014. Campbell's email, however, was sent approximately five years after resolution of the criminal matter. The TAC's allegations do not support a reasonable inference that the email—which was sent internally and prompted by Fishback's wrongful conduct—was based on anything more than a faulty memory of the disposition of a prosecution occurring years before.

Indeed, Fishback implicitly acknowledges the defects in the TAC when he argues in his briefing that the resolution of the 2008 criminal action and the falsity contained in the Campbell email "are really the only facts necessary to prove Plaintiff's Cause of Action for Defamation Per Se." This assertion ignores the protection afforded Campbell under Government Code section 822.2. Without sufficient allegations of corruption or actual malice, Fishback is unable to plead a viable

11

defamation or libel cause of action.  The TAC alleges no facts to show Campbell's conduct, even if knowingly wrongful, was motivated by actual malice or corruption within the meaning of Government Code section 822.2.  The demurrer was therefore properly sustained on this ground.

## III.  Leave to amend is not warranted

When a demurrer to a complaint is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.  [Citations.]  The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan, supra,* 39 Cal.3d at p. 318.)

Fishback does not carry his burden of demonstrating how his complaint might be amended.  He makes no attempt at proffering any additional facts he could allege in a fourth amended complaint that would render his sole claim for defamation/libel per se actionable.

## DISPOSITION

The judgment is affirmed.  Campbell is entitled to his costs on appeal.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:



CHAVEZ, J.



RICHARDSON, J.


12